[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11917
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00319-CAP-LTW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KHALED K. SHAHEEN,
a.k.a. Khaled K. Shaheen,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 3, 2017)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Khaled K. Shaheen appeals his sentence of 15 months of imprisonment following his plea of guilty to being an illegal alien in possession of a firearm. 18 U.S.C. § 922(g)(5)(A). Shaheen argues that his sentence, at the low end of his advisory guideline range, is substantively unreasonable. We affirm.

The district court did not abuse its discretion. While Shaheen was on probation for felony theft by taking, a probation officer observed a firearm lying on a table in Shaheen's home. Shaheen admitted that he had exercised control over and had posed for photographs with the firearm, but he attributed ownership of the firearm to his wife, who suffers from muscular dystrophy and cannot lift the gun. Shaheen, who had prior convictions for assault, battery, and theft by taking, had a criminal history category of III and an offense level of 12, which resulted in a recommended guideline range of 15 to 21 months of imprisonment. The district court reasonably determined that a sentence of 15 months was required to address Shaheen's "history and characteristics"; the need "to protect the public" from a potential escalation in violence "now that he's armed himself"; and his desire to undergo rehabilitation "for drugs and his anger management." Any error committed by the district court in selecting a sentence to accommodate Shaheen's rehabilitation was invited by Shaheen when he requested a "period of incarceration [to] help him to focus on getting his G.E.D, get clean, and help him move forward to be successful." Shaheen's sentence of 15 months of imprisonment, which is well

below his maximum statutory penalty of ten years of imprisonment, is reasonable.

*See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir.), *cert. denied*, 137 S.

Ct. 254 (2016).

We **AFFIRM** Shaheen's sentence.